**JEFFERSON COUNTY PROPERTY VALUATION ADMINISTRATOR, Appellant,**

v.

**OXFORD PROPERTIES, INC. Kentucky Board of Tax Appeals, Kentucky Revenue Cabinet, Appellees.**

**OXFORD PROPERTIES, INC., Cross-Appellant,**

v.

**JEFFERSON COUNTY PROPERTY VALUATION ADMINISTRATOR, Cross-Appellee.**

Court of Appeals of Kentucky.

March 13, 1987.

---

James K. McCrorey, Louisville, for appellant.

Philip M. Lanier, Middleton & Reutlinger, Louisville, John C. Tobin, Frankfort, for appellees.

Before COOPER, DUNN and HOWARD, JJ.

COOPER, Judge.

This is both an appeal and cross-appeal from a judgment of the circuit court essentially affirming a judgment entered by the Kentucky Board of Tax Appeals reducing an assessment, issued by the Jefferson County Board of Assessment Appeals, on specific commercial property owned by the appellee, Oxford Properties, Inc. In that the circuit court cogently set forth both the facts and legal arguments raised in the appeal and cross-appeal, we adopt in-full its judgment. We reverse only that portion of the circuit court's judgment stating that the matter of the capitalization rate referred to during the hearings be referred back to the Board for "clarification as to whether the Board made its findings while aware of other rates...." In light of the ample evidence supporting the findings below, we find no need for such a remand. The circuit court's judgment is as follows:

"This matter comes before the Court on appeal taken by the Jefferson County Property Valuation Administrator (P.V.A.) from a determination made by the Kentucky Board of Tax Appeals, and an order issued by such Board on July 13, 1984.

On July 29, 1983, the Jefferson County Board of Assessment Appeals upheld the assessment (value) of improvement to certain real estate herein involved as of January 1, 1983, at $51,980,870.00. The above-mentioned order of July 13, 1984, by the Kentucky Board of Tax Appeals reduced the assessment figure for the property involved to $37,600,000.00. Appeal was taken by the Office of the Property Valuation Administrator in timely fashion on August 8, 1984.

The property, subject matter in this litigation, is a portion of the complex commonly referred to as the Louisville Galleria. Segmentized the complex contains two (2) office tower buildings, a retail facility, storage areas and parking facilities. The particular improvements involvement in this assessment are one of the two office tower buildings—the Meidinger Tower Building—the retail shopping center area and the Kaufman-Straus area.

According to the Property Valuation Administrator the Kentucky Board of Tax Appeals erred in its ruling as it predicated its decision upon two erroneous findings of fact; to wit:

(1) The Board's claim that only one capitalization rate was presented (14.37), and it was therefore automatically accepted. and

(2) The Board's claim that the witnesses for the Property Valuation Administrator agreed there were no "comparable sales" in Louisville.

The Property Valuation Administrator asserts that it is upon the above two (2) erroneous findings that the decision of the Board reposes and that if either of these findings are deficient, the Board's decision must be set aside. Obviously the Property Valuation Administrator asserts the record to be such as to contradict the Board's findings. With reference to these two factors, in its findings of fact, conclusions of law and order the Board stated that the Property Valuation Administrator—in arriving at the initial assessment—took the original costs and discounted it by 20% to derive its figure. The Board found "as a fact" that "the cost approach has little, if any, value in determining the fair cash value of this type of income producing property."

After such finding the Board stated that "another" acceptable approach for the valuation of property, *the market comparison,* was not relied upon by the witnesses of either the Appellant or Appellee. The Board did note that some evidence was heard as to the sale of the Brown & Williamson Tower, the "twin" to the tower which is subject property, inter alia, in this case, but also noted that "witnesses for the Appellee (Property Valuation Administrator) agreed that there were no real comparable sales in Louisville that could be used for this property valuation."

The Board then stated its belief that the most appropriate and reliable approach used and presented was the income approach and that only the Appellant presented evidence using this method. Oxford's witness in this fashion derived an adjusted evaluation for 1983 of $37,600,000.00.

In its findings and conclusions the Board stated its belief that the figure as testified to by the owner's witness was correct and that the only area of potential challenge of such figure would have been the capitalization rate used, but that such rate would be used by the Board as it was the only rate presented in the record.

The Court notes at this juncture that the issue presented to the Court is not the accuracy of the figures and computations val non (sic). The issue presented to the Court is whether the Board's order is within the laws pertaining to the assessment of property at its fair market value and whether the Board had the authority to rule as it did.

In short, the Court's review is limited in scope to determine whether the Board's action was justified from the evidence presented.

In making this determination it is necessary to determine just what the scope of review and authority is which is vested in the Board of Tax Appeals.

■ Under KRS 131.340 the "exclusive" jurisdiction of the Board is set forth as it relates to appeals from rulings made by agencies of state or county government affecting revenue and taxation. The nature of such appellate procedures is then stated in KRS 131.345. Such proceedings are to be de novo.

It is thereby indicated that the Board's function is not simply to review the action but to try anew the issues as presented.

We then look to KRS 131.370 as to judicial review of the Board's determination. Under section (3) thereof it is provided that the Court shall hear the case upon the record and "dispose of the cause in summary manner."

■ The Court's review is specifically limited to determining whether or not:

(a) The Board acted without or in excess of its powers;

(b) The order, decision, or award was procured by fraud;

(c) The order, decision, or award is not in conformity to the law, and

(d) If findings of fact are in issue, whether such findings of fact support the order, decision or award.

Thus, the Board tries de novo, the Court reviews from the record.

From the appeal of the Property Valuation Administrator it is clear that the attack is bottomed solely on 131.370(3)(d) as set forth above, a lack of factual support for its order, decision or award.

This method of attack by the Property Valuation Administrator may be lacking in that the file could reveal that the Board erred in its statements as to these two (2) factors—as maintained in the case by the Property Valuation Administrators—and yet other factors exist to justify the Board's determination.

As the Board tried the matter de novo, for the Property Valuation Administrator to prevail it must be determined not only that the Board was in error in these two (2) factual determinations stated and that these misstatements were germane and dispositive of the issue but that there existed no other factual determinations upon which the Board's action could have been predicated.

The Court, with the above background set forth, then first examines the Board's findings to determine whether from the record such two findings are justified or supported therein.

(1) Was the capitalization rate used by Oxford challenged?

The Property Valuation Administrator maintains the Board's findings state that Oxford's experts' capitalization rate was not challenged and such is erroneous. Unfortunately, we may be dealing with semantics in this area, for after stating this as error the Property Valuation Administrator goes forward to argue that other capitalization rates were introduced. Thus, the word "challenge" comes into play. Did the Board mean in its findings that Mr. Brinkerhoff's testimony was not "challenged" by cross examination of Mr. Brinkerhoff; a direct "challenge" to the author of the figure? Apparently it did for the record points out the evidence of Mr. Smith possibly as to a different rate of capitalization. The Court must conclude that the Board, aware of other capitalization figures, used the terminology of a failure on the part of the Property Valuation Administrator to challenge Mr. Brinkerhoff's figure to mean an attack directly upon such figure. However, the Court cannot ignore the last eight (8) words on page 3 of the findings. Such are ... "being the only rate presented in the record." Such is not the case. The Board had ample grounds to make a determination from the evidence presented, and it could have simply found as it did as a proper elective from various viable figures offered. Yet, it chose to state that the only rate presented was that of Mr. Brinkerhoff. Why it did so state is unknown to the Court. This may be merely a hollow victory for the Property Valuation Administrator as it is assumed that the Board can correct its language. Nonetheless, the matter is referred back to the Board for clarification as to whether the Board made its findings while aware of other rates.

█ As the matter is to be returned to the Board for clarification of the above issue, the Court will note that the second factual finding under attack, id est: an alleged agreement of the absence of any comparable sales is not germane. Whether or not such was agreed to is irrelevant. The Board chose as the most appropriate and reliable approach to valuation the "income approach." Such choice is within the Board's prerogatives. It did not ignore the costs approach, or comparable sales approach, but chose to use the "income" approach. The Property Valuation Administrator's argument as to the Board's "error" in not considering the cost approach is not an issue to be determined by this Court. The Board has "exclusive jurisdiction" of the appeal to it and the Court cannot—even if it disagrees with the Board—substitute its findings or beliefs with reference to the evaluation. The learned and well written brief of the Property Valuation Administrator is, as it were, directed to the Court which has no power other than that given it under KRS 131.370(3).

The "bottom line" is not an issue of what the Court feels would be or would have been a proper determination of evaluation or the method thereof, but simply did the

Board have before it evidence to support its findings.

It is the Court's conclusion that the Board did have such evidence and therefore the Board is affirmed save with respect to a clarification by the Board as to the finding that ... "the only rate presented (to the Board) in the records ..." was that rate testified to by Mr. Brinkerhoff. For clarification the case is remanded to the Board for appropriate correction."

The judgment of the circuit court is affirmed in all respects except as to that portion remanding the action to the Board.

All concur.